USDC SCAN INDEX SHEET

















SMV    1/3/06    15:06

3:05-CV-02387    PATERSON V. WAL-MART STORES INC

*1*

*TRANCS.*

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SANDRA PATERSON,                        )
                                        )
                    Plaintiff,          )     05 CV 2387 L          AJB
                                        )
vs.                                     )     No. 05-1049-CV-W-SOW
                                        )
WAL-MART STORES INC.,                   )
                                        )
                    Defendant.          )

## ORDER

Pending before the Court is Defendant Wal-Mart Stores, Inc.'s Motion to Stay (Doc. # 9)

and Defendant Wal-Mart Stores, Inc.'s Motion to Transfer (Doc. # 5). For the reasons stated

below, defendant's motion to stay is dismissed as moot and defendant's motion to transfer is

granted.

On June 30, 2005 Metabolife International filed a Chapter 11 petition under Title 11 of

the United States Code (Bankruptcy Code) in the United States Bankruptcy Court for the

Southern District of California. The instant case was filed on August 26, 2005 in the Circuit

Court of Jackson County, Missouri against Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart

removed the case to this Court on October 28, 2005.

The plaintiff, Sandra Paterson, seeks monetary redress resulting from her alleged

purchase, and use, of Metabolife 356, a product manufactured by Metabolife. Plaintiff has

asserted claims of negligence and strict liability for product defect and failure to warn against

Wal-Mart. Plaintiff further claims that the product allegedly purchased and consumed was

marketed, promoted, distributed or sold by Wal-Mart. Defendant Wal-Mart informs the Court

that because Metabolife manufactured the product in question, it has a contractual and equitable

obligation to defend, indemnify and hold Wal-Mart harmless from certain claims, including those asserted in this action and therefore the outcome of this action could have an effect on the estate being administered in bankruptcy.

On September 16, 2005, Metabolife filed a petition under 28 U.S.C. § 157(b)(5) for an order transferring approximately 162 personal injury or wrongful death actions pending against Metabolife and defendants, or other non-debtor defendants to the United States District Court for the Southern District of California. A hearing was held on that motion on October 24, 2005. On November 18, 2005, the Honorable Irma E. Gonzalez granted the petition. Judge Gonzalez has ordered the immediate transfer of all personal injury or wrongful death Metabolife ephedra actions pending in jurisdictions across the country to the Southern District of California.

Wal-Mart now seeks transfer of this case to the United States District Court for the Southern District of California based on 28 U.S.C. § 1404(a). This provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to avoid the waste of time, energy, and money to safeguard litigants, witnesses and the public against inconvenience and expense. See Insured Accounts Co. Inc. v. Am. Modern Home Ins. Co., 1988 U.S. Dist. LEXIS 10282, *7 (W.D. Mo. Sept. 14, 1988). "The moving party has the burden of proving that the transfer will be to a more convenient forum." Id. at *2. The party seeking transfer must show that: (1) venue is proper in both the transferor and the transferee Court; (2) transfer is for the convenience of the parties and witnesses and; (3) transfer is in the interest of justice. See Terra Intl. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

In this case, the Court finds that transfer to the Southern District of California is warranted. First, venue is proper in the Southern District of California because the case is "related to" the Metabolife bankruptcy proceeding pending in the Bankruptcy Court in that District. See 28 U.S.C. § 1409(a). Although Metabolife is not a defendant, Wal-Mart will have a claim for indemnity under its agreement with Metabolife - a claim which could affect the administration of the estate and Metabolife's obligations as the debtor. Second, defendant Wal-Mart has demonstrated that transfer is for the convenience fo the parties and witnesses. The majority of documentation and well as the witnesses in this case would be at the Metabolife headquarters in California or in the Metabolife document depository in Southern California. Finally, transfer is in the interest of justice. Approximately 162 state court actions across the United States concerning the Metabolife product are the subject of removal or transfer motions to the Southern District of California. The transfer of this case will contribute to efficient and consistent outcomes. Accordingly, this Court finds that venue in the Southern District of California is appropriate.

Along with the present motion to transfer, Wal-Mart filed a motion to stay all proceedings in this Court pending this Court's decision whether to grant Wal-Mart's motion to transfer. Since this Court has decided to grant Wal-Mart's motion to transfer, its motion to stay proceedings in this case pending transfer is dismissed as moot.

Accordingly, it is hereby

ORDERED that scheduling teleconference set for December 15, 2005, in this court is cancelled. It is further

ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion to Stay (Doc. # 9) is

3

dismissed as moot.  It is further

ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion to Transfer (Doc. # 5) is

granted.  This case is transferred to the United States District Court for the Southern District of

California for all further proceedings.


/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-5-05

4

CLOSED, EAPADMIN

## U.S. District Court
## Western District of Missouri (Kansas City)
### CIVIL DOCKET FOR CASE #: 4:05-cv-01049-SOW

Paterson v. Wal-Mart Stores Inc
*Assigned to:* District Judge Scott O. Wright
Demand: $75,000
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 10/27/2005
Jury Demand: *Defendant*
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Sandra Paterson**

represented by **Bradley D. Kuhlman**
Evans & Kuhlman, LLC
105 East 5th Street
Suite 102
Kansas City, MO 64106
(816) 799-0330
Fax: (816)799-0336
Email: bkuhlman@evanskuhlman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian J. Madden**
Wagstaff & Cartmell
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
(816) 701-1100
Fax: (816) 531-2372
Email: bmadden@wcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark J. Evans**
Evans & Kuhlman, LLC
105 East 5th Street
Suite 102
Kansas City, MO 64106
(816) 799-0330
Fax: (816) 799-0336
Email: mevans@evanskuhlman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Cartmell**
Wagstaff & Cartmell, LLp
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
(816)701-1100
Fax: (816)531-2372
Email: tcartmell@wcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*ECF*
*DOCUMENT*

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Western District of Missouri

Date Filed: 12 27 05

P.L. BRUNE, CLERK
By: Melanie Beard , Deputy Clerk

**Thomas J Pruess**
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
816-701-1100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wal-Mart Stores Inc**                          represented by  **Mark C Hegarty**
Shook Hardy & Bacon LLP-Grand
2555 Grand Boulevard
Kansas City, MO 64108-2613
816-474-6550
Fax: 816-421-5547
Email: mhegarty@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Elizabeth West**
Shook, Hardy & Bacon, LLP-Grand
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
Fax: (816) 421-5547
Email: swest@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2005 | 1 | NOTICE OF REMOVAL by Wal-Mart Stores Inc, Wal-Mart Stores Inc from Circuit Court of Jackson County, case number 0516-cv23765. ( Filing fee $ 250 receipt number 1118007) filed by Mark C Hegarty on behalf of Wal-Mart Stores Inc, Wal-Mart Stores Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Hegarty, Mark) (Entered: 10/27/2005) |
| 10/27/2005 | 2 | DISCLOSURE OF CORPORATE INTERESTS *of Defendant Wal-Mart Stores, Inc.* filed by Mark C Hegarty on behalf of Defendant Wal-Mart Stores Inc.(Hegarty, Mark) (Entered: 10/27/2005) |
| 10/27/2005 | 3 | ANSWER to Complaint with Jury Demand filed by Mark C Hegarty on behalf of Defendant Wal-Mart Stores Inc.(Hegarty, Mark) (Entered: 10/27/2005) |
| 10/28/2005 | 4 | *Notice of EAP ADMINISTRATOR assignment.* (Attachments: # 1 General Order)(Carr, Lori) (Entered: 10/28/2005) |
| 11/04/2005 | 5 | MOTION to reassign/transfer case filed bySarah Elizabeth West on behalf of Wal-Mart Stores Inc Suggestions in opposition/response due by 11/21/2005 unless otherwise directed by the court (West, Sarah) (Entered: 11/04/2005) |
| 11/04/2005 | 6 | SUGGESTIONS in support re 5 MOTION to reassign/transfer case filed by Sarah Elizabeth West on behalf of Defendant Wal-Mart Stores Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5)(Related document(s)5) (West, Sarah) (Entered: 11/04/2005) |

| 11/08/2005 | ⊙7 | NOTICE of filing by Wal-Mart Stores Inc re 5 MOTION to reassign/transfer case *Notice of Order in Further Support of Defendant Wal-Mart Stores, Inc's Motion to Transfer* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Hegarty, Mark) (Entered: 11/08/2005) |
| 11/15/2005 | ⊙8 | SUGGESTIONS in opposition re 5 MOTION to reassign/transfer case filed by Chad Cameron Lucas on behalf of Plaintiff Sandra Paterson. Reply suggestions due by 11/30/2005 unless otherwise directed by the court (Attachments: # 1 Exhibit A)(Related document(s)5) (Lucas, Chad) (Entered: 11/15/2005) |
| 11/15/2005 | ⊙9 | MOTION to stay filed bySarah Elizabeth West on behalf of Wal-Mart Stores Inc Suggestions in opposition/response due by 11/30/2005 unless otherwise directed by the court (West, Sarah) (Entered: 11/15/2005) |
| 11/15/2005 | ⊙10 | SUGGESTIONS in support re 9 MOTION to stay filed by Sarah Elizabeth West on behalf of Defendant Wal-Mart Stores Inc. (Attachments: # 1 Exhibit A# (2) Exhibit B)(Related document(s)9) (West, Sarah) Modified on 11/16/2005 to Delete Ex. B (proposed order), which was attached in error (Beard, Melanie). (Entered: 11/15/2005) |
| 11/21/2005 | ⊙11 | RESPONSE to motion re 9 MOTION to stay filed by Chad Cameron Lucas on behalf of Plaintiff Sandra Paterson. Reply suggestions due by 12/6/2005 unless otherwise directed by the court (Related document(s)9) (Lucas, Chad) (Entered: 11/21/2005) |
| 11/22/2005 | ⊙12 | ORDER setting sched. t/c for 12/15/05 beginning at 9:30 a.m. Signed by Judge Scott O. Wright on 11-22-05. (Morse, Judy) (Entered: 11/22/2005) |
| 11/30/2005 | ⊙13 | REPLY SUGGESTIONS to motion re 5 MOTION to reassign/transfer case filed by Sarah Elizabeth West on behalf of Defendant Wal-Mart Stores Inc. (Attachments: # 1 Exhibit A)(Related document(s)5) (West, Sarah) (Entered: 11/30/2005) |
| 12/01/2005 | ⊙14 | REPLY SUGGESTIONS to motion re 9 MOTION to stay filed by Mark C Hegarty on behalf of Defendant Wal-Mart Stores Inc. (Related document(s)9) (Hegarty, Mark) (Entered: 12/01/2005) |
| 12/05/2005 | ⊙15 | ORDER cancelling 12/15/05 sched. t/c in this court; granting 5 defendant's motion to transfer case to Southern District of California, dismissing as moot 9 defendant's motion to stay. Signed by Judge Scott O. Wright on 12-5-05. (Morse, Judy) (Entered: 12/05/2005) |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## OFFICE OF THE CLERK

Patricia L. Brune
Clerk of Court

Reply To:
(x) 400 E. 9th Street
     Kansas City, MO 64106
() 131 West High Street
     Jefferson City, MO 65101
() 222 John Q. Hammons Pkwy.
     Springfield, MO 65806

December 27, 2005

United States District Court
Southern District of California
880 Front, Ste. 4290
San Francisco, CA 92101-8900

'05 CV 2387 L          AJB

Re:     Transfer of our Civil Case No. 05-1049-CV-W-SOW
        Paterson v. Wal-Mart Stores Inc

Dear Clerk:

On 12/05/05, this Court signed an order transferring the above-entitled case to your court. Pursuant to our Administrative Directive No. 11, we delayed the transfer of this case for twenty-one (21) days. The case is now ready for transfer and you will find enclosed a certified copy of the transfer order.

Our court is a prototype court for electronic case filing. What that means is that we no longer have _paper_ files and our "official court file" is on our electronic case filing web site. The attorneys and court users file their documents electronically via the internet in accordance with our "General Order" and "Procedures Manual" which is posted on the same web site.

You may access our electronic case file at the following web address: http://ecf.mowd.uscourts.gov. We have assigned a login and password for district courts to use in accessing this information. The login is "guestcrt" and the password is "guestcrt". This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat reader loaded on your computer in order to view the documents.

In order to assist you in accessing our electronic file, we have prepared and attach to this letter a step-by-step guide to getting to our web site and accessing the electronic case file that is being transferred.  If you need assistance, you may call the Kansas City office at 816/512-5000, the Jefferson City office at 573/636-4015 or the Springfield office at 417/865-3869.

Sincerely,

Deputy Clerk

enc.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Sandra Paterson** | 05 DEC 30 PM 2: 59<br>**Wal-Mart Stores, Inc**<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED **Missouri** PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Missouri**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>BY:                    DEPUTY<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>**Bradley D Kahlman**<br>**105 East 5th Street, ste 102**<br>**Kansas City MO 64106**<br>**(816)799-0330** | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN x IN BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

### 28:1332 Diversity - Personal Injury    05cv2387L(AJB)

## V. NATURE OF SUIT (PLACE AN X IN BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgments | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☒ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|
| DATE | | SIGNATURE OF ATTORNEY OF RECORD | |